VALLEY PAPER COMPANY, a corporation of the State of Massachusetts *vs.* WILLIAM F. SMALLEY.

New Castle County, November Term, 1896.

**Practice. Affidavit of Defence.**---An affidavit of defence cannot be amended.

**Same. Writ of Error.**---An application for leave to amend an affidavit of defence, is addressed to the discretion of the Court, and the decision thereupon is not reviewable by writ of error.

This was an action of assumpsit to recover the amount due on a promissory note; a copy of cause of action and affidavit of de-

mand was filed; an affidavit of defence was filed to which the notary public, George W. Cavender, had omitted to affix his seal.

*W. S. Hilles,* for the defendant, asked leave to amend the affidavit, by having the notary public affix the seal thereto. He filed an affidavit of defendant, setting forth the facts contained in the original affidavit of defence and that the neglect of the notary public to affix his seal was unknown to him until after the time limited by the rules of the. Court for filing such affidavits. He contended that the provision of our statute requires that the defendant should file an affidavit of defence, setting forth the nature of such defence, in order that judgment may not be given against him.

This provision of the law was not made to deprive the defendant of any defense that he might have had but solely to enable a plaintiff, who had a cause of action against the defendant, against which the defendant had no defense, to recover judgment without waiting the time which would be necessary to plead the cause to issue and have it regularly tried. It was to further justice and not to impede justice.

The time of filing the affidavit of defense is not the subject of any statutory regulation, but is regulated merely by rule of Court, which can be changed and modified by the Court at any time. The Courts in this State have uniformly recognized the above principles as governing judgments asked for under defective affidavits of defense; *Tallman vs. Whittaker,* 2 Houst. 72.

The affidavits filed in this case show conclusively that an affidavit has been administered by competent authority and under Section 11, Chap. 112, Rev. Code, it is to be presumed that the affidavit was properly administered. " When it appears that an oath, or affirmation, has been administered by competent authority, it shall be presumed to have been properly administered unless the contrary appear."

The Constitution of this State gives to the Superior Court the most ample power to direct amendments of impleadings and legal proceedings so that by error in any of them, the determina-

tion of causes according to their real merits shall not be hindered. Article 6, § 16. And Chapter 112, § 11 of the Revised Code, gives further authority to the Court. It has been universally held that such provisions as these provisions shall be most liberally construed in order to effect an investigation of the real merits of every case. *Godwin vs. Collins*, 1 Harring. 216 ; *Townsend vs. Townsend*, 2 Harring. 277, 279. There can be no question that an affidavit comes under the head of pleadings or proceedings ; *Babcock vs. Kuntzsch*, 85 Hun 33. And it has been laid down that affidavits of merits are usually amendable where the defect is not jurisdictional and especially where the jurat is defective through the negligence of the officer, it is freely allowed to be amended ; Encyc. Pl. & Pr. 337, 654.

*Babcock vs. Kuntzsch*, 85 Hun 33 ; *Pierson vs. Hendricks*, 88 Ill. 34 ; *Peterson vs. Fowler*, 76 Mich. 258 ; *Williams vs. Stevenson*, 103 Ind. 243 ; *Lederer vs. Chicago*, 38 Wis. 244; *Stout vs. Folger*, 34 Iowa 71 ; *Hallet vs. Railroad*, 22 Iowa 259 ; *Cusick's Appeal*, 136 Pa. 459, 476 ; *Stone vs. Miller*, 60 Iowa 243; *Tunis vs. Withrow*, 10 Iowa 305 ; *Kruse vs. Wilson*, 79 Ill. 233; *Dexter vs. Hoover*, 2 Cowan 526 ; *Cutler vs. Rathbone*, 1 Hill 204 ; *Wells vs. Booth*, 35 Mich. 424 ; *In re* Newman, 75 Cal. 213 ; *Burr vs. Seymour*, 43 Minn. 401 ; *Denn vs. Fen*, 12 N. J. L. 321 ; *Burkett vs. Bowen*, 118 Ind. 379 ; *Frink vs. Flanagan*, 6 Ill. 35 ; *Cook vs. Whipple*, 55 N. Y. 150.

· The proper proceeding is the filing of the amended affidavit, *nunc pro tunc*. See above cases, but especially, *Williams vs. Stevenson*, 103 Ind. 243 ; *Lederer vs. Chicago*, 38 Wis. 244 ; *State vs. Davis*, 73 Ind. 359.

*Pennington*, (*Vandegrift* associated with him in the brief.)

An affidavit is a statement or declaration reduced to writing and sworn or affirmed to before some officer who has authority to administer an oath. Bouvier, L. Dict., tit. *Affidavit*.

As to notary's authority to administer an oath see Rev. Stat., 800, Ch. 108 § 1, which is as follows : " The Chancellor,

any judge, justice of the peace or notary public, shall have authority in any case in which an oath or affirmation is necessary or proper, to administer such oath· or affirmation.  Rev. Code, 280, § 2. An affidavit of defence is provided for in this State by statute. Rev. Code 789.  Now since a notary has authority to administer an oath expressly given by statute, such is made a part of his official business.  By Rev. Stat. we see that a notary " shall " use in the transaction of official business seals which shall be engraved in a certain prescribed manner.  Rev. Code, 240, § 1.

Although there have been no decisions in Delaware directly bearing on this point the Courts of Alabama, whose statute is practically the same as ours, being as follows:  " For the authentification of his official acts such notary public must provide a seal of office which must present by its impression his name, office, State and county for which he was appointed." · Rev. Code of Ala. § 1106, have held that an affidavit should state the official capacity of the notary and be authenticated by his official seal; *Bayonne Knife Co. vs. Umberhaus*, 16 So. Rep. 175 ; *Alabama Nat. Bank vs. Sash Co.*, 18 So. Rep. 74 ; *Tunis vs. Withrow*, 10 Iowa 305 ; *Stephens vs. Williams*, 46 Iowa 540 ; *Miller vs. State*, 122 Ind. 355.

"An affidavit must on its face appear to have been taken by the proper officer and the legal requisitions to have been complied with.  The Court cannot stop to inquire into the competency of the officer or the place where it was taken."  1 Tidd, Prac. 180. *State vs. Green*, 15 N. J. L. 20;  *Hoy vs. Anderson*, 58 N. W. Rep. 127.  Where there is a defect in jurat of an affidavit on which a motion is made time will not be allowed for amendment except in cases of bail.    1 Tidd, Prac. 496 ;  *Anonymous*, 2 Chitty 20.  The law in all States which have statutes similar to that in Delaware seems to be uniform and requires a notary's seal to be attached to all his official acts, *i. e.*, he must act through his seal and absence of such seal is fatal.  Laws Neb. p. 597 § 5 ;  58 N. W. Rep. 127 ; Rev. Code Ala. § 1106 ; 18 So. Rep. 74 ; *Tunis vs. Withrow, supra.*

An oath is oral and does not require the authentication of a seal. An affidavit must be in writing, and if made before an officer must be authenticated by him so that the Court or body before whom it is used can know from the face of the paper itself without going beyond it that the person authenticating it is an officer.

Under our statute a Notary Public can only act by his official seal, and the taking of an affidavit of defence is done by him as one of his official acts.

The statute of this State says that he *shall* use a seal in the transaction of his official business.

The paper filed in this case as an affidavit of defence had not thereon the notary's seal, and by the authorities heretofore cited—and especially the ones from Alabama—it was not an affidavit.

The Alabama statute is virtually the same as the Delaware statute. If therefore this paper was not an affidavit there is nothing to amend. There is no substance to support the motion to amend.

The statute with respect to affidavits of defence provides that the deponent shall state that he has a just and legal defence, and the nature and character thereof.

If either of these requisites were wanting the Court would not permit an amendment thereof after the day for filing the same under the statute and rules of the Court had passed.

If then there is no affidavit in this case, much less would the Court permit this proposed amendment.

In the case of a Sheriff's sale where the motion to set aside had not been filed on or before the last day fixed by the rules, the Court would not permit a motion to be made thereafter; and it is submitted the cases are identical. The Sheriff's sale case was stronger, if anything, because there was the petition of the party interested with his affidavit of the truth thereof.

It cannot be said in this case that the omission was that of the notary and not of the deponent, because under the statute and rules

it was the duty of the deponent not only to make an affidavit of defence, but to file the same.

To file an affidavit of defence does not mean only that it has been properly executed or to file a paper that under the decisions is not an affidavit.

Suppose deponent in this case had seen to it that his affidavit was properly executed and authenticated and left it with the notary public to bring here and file, and he had forgotten so to do until the second Wednesday of the term had passed ; could it possibly be contended that upon an affidavit to that effect a motion could be made to file a proper affidavit *nunc pro tunc.*

Suppose the defendant had sworn to the truth of the fact set forth in the affidavit, but had not signed the same, could a motion like this enable him to amend his affidavit by signing, and thereby turning an oath into an affidavit when the law requires that it shall be an affidavit perfect in all its parts.

It cannot be contended in this case that this is a mere defect in form because the jurat attached to this affidavit is certainly defective in that it has not been authenticated in the way the law says it *shall* be.

If no jurat was attached, then the deponent is attempting to file an oath rather than an affidavit and expecting the Court to go outside the paper he files in order to make it authentic.

The defective jurat therefore reaches the vitals of the entire paper, takes away from it its qualities of an affidavit such as the law requires, and leaves the defendant attempting by this motion to amend something which has no existence.

LORE, C. J.: We have considered this application to amend this affidavit, and after such careful consideration as we could give it the Court do not think, under our practice and under the law as we understand it, that leave to amend the affidavit ought to be granted. We therefore decline to allow leave to amend.

This matter of amending affidavits has come before this Court once or twice since I have been on the bench, and, aside from what

we think would be a very dangerous thing; my recollection is that the Court have uniformly refused to permit an affidavit to be amended. The party binds himself by his affidavit, and attorneys must be very careful how they file them. I think the Court in this State has never permitted an affidavit to be amended, at least not in my recollection. It is a very grave question whether this comes under the Constitutional provision. This whole practice has sprung up long since the Constitution was adopted. This practice of taking such judgments is comparatively a recent thing. Still, we would not say that it does not come within the broad terms of the Constitution.

*W. S. Hilles*, for the defendant, asked leave to note an exception.

PER CURIAM. This is a matter controlled by the discretion of the Court, and to this decision a writ or error will not lie.